UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| WENDELL D. HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 18-143-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOB EVANS TRANSPORTATION | ) | **MEMORANDUM ORDER** |
| COMPANY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendants' partial motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). [Record No. 5] The motion will be granted, in part, and denied, in part, for the reasons that follow.

## I.

This case arises out of an automobile accident on Russell Dyche Memorial Highway in Laurel County, Kentucky. [Record No. 1-1, ¶ 7] The plaintiff alleges that the accident occurred when a Bob Evans Transportation Company, LLC ("Bob Evans") semi-trailer truck being driven by Joe F. Morrison, in the course and scope of his employment, "pulled out in front of the [p]laintiff hitting his vehicle and causing it to go under the rear of the trailer and to be dragged to the shoulder of [the] . . . Highway." [*Id.*] The plaintiff asserts that, at the time of the collision, Morrison failed to keep an appropriate lookout ahead, failed to yield the right of way, and crossed over the median and the east bound lanes of the highway, leading to the collision. [*Id.* ¶ 9]

The Complaint asserts a negligence claim against Morrison, and seeks punitive damages for his allegedly grossly negligent conduct. [*Id.* ¶¶ 8-11] Additionally, the Complaint seeks to hold Bob Evans vicariously liable, and asserts a claim for negligent hiring, training, or supervision against Bob Evans. [*Id.* ¶¶ 9-11, 13-15] The defendants have moved to dismiss the plaintiff's claim for punitive damages, and his negligent hiring, training, or supervision claim against Bob Evans. [Record No. 5] They do not challenge the plaintiff's negligence and vicarious liability claims.

## II.

A 12(b)(6) motion requires the Court to determine whether the Complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the Complaint need not contain "detailed factual allegations" to survive a motion to dismiss, the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

In a diversity action such as this one, the Court applies "the substantive law of the forum state and federal procedural law." *Hoven v. Walgreen Co.*, 751 F.3d 778, 783 (6th Cir. 2014).

- 2 -

Accordingly, the defendants' motion will be evaluated under Kentucky substantive law and the Federal Rules of Civil Procedure.

## III.

"Punitive damages existed at common law, and have been part of the fabric of Anglo-American and Kentucky jurisprudence for centuries." *MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 337 (Ky. 2014). The Supreme Court of Kentucky has held that punitive damages may be awarded upon a showing of gross negligence. *Williams v. Wilson*, 972 S.W.2d 260, 262-65 (Ky. 1998). "[T]he prevailing understanding defines gross negligence as a wanton or reckless disregard for the safety of other persons." *Kinney v. Butcher*, 131 S.W.3d 357, 359 (Ky. App. 2004) (quotation marks and citations omitted). Consequently, "to justify punitive damages there must be first a finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by wanton or reckless disregard for the lives, safety, or property of others." *Allgeier*, 443 S.W.3d at 338.

It is not necessary to state an express claim for punitive damages in a Complaint. *See Louisville & N.R. Co. v. Taylor*, 237 S.W.2d 842, 843 (Ky. 1951). And even when a claim for punitive damages claim is dismissed, the plaintiff "may still recover punitive damages should the evidence support such a finding. To do so, [the] [p]laintiff must put forth sufficient allegations supported by evidence at the summary-judgment stage or proved at trial that would warrant a punitive-damages instruction." *Archey v. AT&T Mobility, LLC*, 17-cv-91, 2017 WL 6614106, at *4 (E.D. Ky. Dec. 26, 2017).

Here, the plaintiff alleges that Morrison's actions of crossing over the median and east bound lanes of the highway, without yielding the right of way or keeping a proper lookout ahead, were "negligent, grossly negligent, reckless and wanton." [Record No. 1-1, ¶¶ 7-8,

10(g)]  The plaintiff does not assert punitive damages as a separate cause of action.  [*See id.*; Record No. 9, p. 2.]  Instead, the plaintiff seeks punitive damages as a remedy for the defendants' alleged gross negligence.  *See Baumgardner v. Bimbo Food Bakeries Dist., Inc.*, 697 F. Supp. 2d 801, 807 n.13 (N.D. Ohio 2010) (construing a Complaint as "as seeking punitive damages as an available remedy attached to a substantive cause of action, in light of Rule 8's dictate that 'no technical form of pleading is required' and 'pleadings must be construed so as to do justice'") (quoting Fed. R. Civ. P. 8(d)(1) and (e) (alterations adopted)).

This is sufficient to preserve the plaintiff's ability to seek a punitive damages instruction at trial.  Such an instruction will only be given if there is evidence that the defendants were not just ordinarily negligent, but displayed a "wanton or reckless disregard for the safety of other persons" amounting to gross negligence.  *Kinney*, 131 S.W.3d at 359. This is a rare occurrence in automobile accident cases.  *Id.*  However, foreclosing the plaintiff from seeking punitive damages at this stage of the litigation would be unwarranted.  The defendants' attempt to do so will be denied.

## IV.

The defendants also move to dismiss the plaintiff's claim for negligent training, hiring, and/or supervision.  The relevant allegation asserts, in full, that "Bob Evans[] negligently trained, hired and/or supervised the [d]efendant, Joe Morrison.  Said negligence being a substantial factor in causing the [p]laintiff serious physical, emotional, mental and economic damages."  [Record No. 1-1, ¶ 15]

"Kentucky's recognition of torts based upon negligent hiring, negligent training, negligent supervision, and negligent retention is well established."  *Allgeier*, 433 S.W.3d at 336 n.10.  These claims "focus on the direct negligence of the *employer* which permitted an

otherwise avoidable circumstance to occur." *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009) (emphasis added). An employer may be held liable for negligent hiring, supervision, or training only if the employer knew or had reason to know of the risk created by the employee. *See id.* at 733; *Grand Aerie Fraternal Order of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005); *Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003); *Taylor v. JPMorgan Chase Bank, N.A.*, 13-cv-24, 2014 WL 66513, at *3 (E.D. Ky. Jan. 8, 2014) (explaining that negligent hiring or retention and negligent supervision claims both require "some foreseeability or awareness on the part of the employer that the employee created the risk at issue").

The plaintiff has alleged, in conclusory terms, that Bob Evans' negligent training, hiring, and/or supervision of Morrison was the proximate cause of the plaintiff's injuries. [Record No. 1-1, ¶ 15] But the plaintiff has not alleged that Bob Evans knew or should have known that Morrison would act as he did. *See Booker*, 350 F.3d at 517. For example, there is no allegation that Bob Evans hired and retained Morrison despite its knowledge that he was unfit for the job, *see Warner v. Bob Evans Farms, Inc.*, 5:09-cv-63, 2010 WL 1451354, at *3 (E.D. Ky. Apr. 8, 2010), or that Bob Evans' orders or regulations made it foreseeable that Morrison would drive negligently. *See Taylor*, 2014 WL 66513, at *3.

In short, the plaintiff has failed to plead any facts yielding a plausible inference that his injuries were attributable to Bob Evans' negligence in hiring, training, or supervising Morrison. Because "this Court is not bound to accept bare legal conclusions unsupported by factual allegations," *Booker*, 350 F.3d at 517, the defendants' motion to dismiss the plaintiff's negligent hiring, training, or supervision claim will be granted.

**V.**

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1.     The defendant's partial motion to dismiss [Record No. 5] is **GRANTED**, in part, and **DENIED**, in part.

2.     The plaintiff's claim against Bob Evans for negligent training, hiring, and/or supervision [Record No. 1-1, ¶ 15] is **DISMISSED** with prejudice.

This 29th day of June, 2018.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**