UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| WENDELL D. HAMPTON, | ) |
| Plaintiff, | ) Civil Action No. 6: 18-143-DCR |
| V. | ) |
| BOB EVANS TRANSPORTATION COMPANY, LLC, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendants Bob Evans Transportation Company, LLC, ("Bob Evans") and Joe Morrison have moved to strike the plaintiff's disclosure of expert witnesses. [Record No. 30] They assert that Plaintiff Wendell Hampton's expert witnesses, Dr. Aneja Arun and Dereni Black Brock, PT, "should be prohibited from offering expert opinions due to [Hampton's] failure to disclose their opinions in accordance with Rule 26(a)(2)(C)" of the Federal Rules of Civil Procedure. [*Id.*] The defendants' motion will be granted because Hampton did not properly disclose the facts and opinions upon which Arun and Brock are expected to testify.

**I.**

This action concerns a motor vehicle accident that occurred on October 18, 2017. [Record No. 1-1] Hampton filed the action in Laurel Circuit Court on April 10, 2018, asserting negligence, vicarious liability, and negligent hiring, training, and supervision. [*Id.*] The defendants removed the case to this court on May 8, 2018. [Record No. 1]

A Scheduling Order was entered on August 22, 2018, which required the plaintiff to disclose the identity of expert witnesses who may be used at trial and to provide the experts'

written reports as required by Rule 26(a)(2) no later than December 4, 2018. [Record No. 20] Hampton filed his "CR 26 Disclosures" on December 4, 2018, and listed six witnesses. [Record No. 26] Hampton indicated that two of the witnesses would testify regarding their expert opinions; however, he did not provide a summary of the opinions or the facts supporting them. [*Id*.] The plaintiff also filed a motion for an extension of time to disclose the identity and written reports of expert witnesses. [Record No. 25] The Court granted the plaintiff's request and the plaintiff filed supplemental disclosures on January 4, 2019. At that time, he listed Dr. Ralph Crystal as an expert. [Record Nos. 27, 28] The supplemental disclosures also provided a written report, Crystal's qualifications, and testimony listing. [Record No. 28] The January 4, 2019, submission did not supplement the original disclosures that were filed on December 4, 2018. [*Id*.]

The defendants assert that the original expert disclosures do not comply with Rule 26(a)(2)(C) because they fail to provide a summary of the facts and opinions to which Arun and Brock are expected to testify. [Record No. 30-1, p. 4]

**II.**

**A. Requirements for Expert Witness Disclosures**

"A party must disclose . . . the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). A witness who is "retained or specially employed to provide expert testimony in the case" must provide a written report containing certain required disclosures. Fed. R. Civ. P. 26(a)(2)(B). However, "if a witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule

of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

"A report is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to an including that treatment." *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007). Because the treating physician and physical therapist in the present case are allegedly testifying as experts on issues pertaining to treatment, a written report is not required. *Id.* Hampton asserts, however, that the physician and physical therapist will provide expert opinions and are expected to present evidence under Federal Rules of Evidence 702, 703, or 705. As a result, the expert disclosures must comply with Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

The Advisory Committee has cautioned that a Rule 26(a)(2)(C) disclosure "is considerably less extensive than the report required by Rule 26(a)(2)(B)" and that "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained." *See* Fed. R. Civ. P. 26 advisory committee notes to 2010 amendments. However, at a minimum the disclosures must "obviate the danger of unfair surprise regarding the factual and opinion testimony of the non-retained expert" and must "contain more than a passing reference to the general type of care a treating physician provided." *Chambers v. Fike*, No. 13-1410, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014). Further:

> [A] summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of the opinions is insufficient. Further, this Court finds that a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account

of facts – only those on which the expert actually relied in forming his or her opinions – that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material as sources of facts, without stating a brief account of the main points from those large bodies of material on which the expert relies.

*Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015). In short, it is not sufficient to state that a witness will testify based upon information contained in medical records. *Chambers*, 2014 WL 3565481, at *7.

### B. Failure to Comply with Rule 26(a)(2)(C)

The defendants assert that "[w]hile the disclosure arguably provides the subject matter of Arun and Ms. Brock's anticipated testimony, [it] is devoid of a summary of facts and opinions to which they are expected to testify." [Record No. 30-1, p. 4]

The Court finds that the disclosure regarding Arun satisfies a portion of the Rule 26 requirements. Hampton's initial disclosures outline the following five opinions to which Arun is expected to testify: (1) that the plaintiff obtained a Bimalleolar fracture of the ankle; (2) that "the treatment that was rendered include[d] surgeries which were performed"; (3) regarding "the physical limitations of the plaintiff he has observed and his referral of the plaintiff to PT"; (4) that the fracture was caused by the collision that occurred on October 18, 2017; and (5) that "the treatment that was rendered was reasonable and necessary as were the charges for these services." [Record No. 26] These opinions state a view or judgment regarding a matter affecting the outcome of the case.

While the plaintiff's disclosure regarding Arun states her opinions, it fails to specify the factual basis for those opinions. [*See id*.] And because the disclosures do not specify their

-4-

factual basis, they are deficient. *See Seeley v. Home Depot U.S.A., Inc.*, No. 1:17-CV-00584, 2018 WL 4275375, at *4-5 (D. Colo. Sept. 7, 2018).

Next, the Court finds that the disclosure regarding Brock's anticipated testimony fails to state opinions or the factual basis for those opinions. Hampton contends that Brock is expected to: (1) "explain how physical therapy helps recovering patients"; (2) explain "how the [p]laintiff responded to treatment"; and (3) "testify to the [p]laintiff's recovery and any physical limitations evident from the plaintiff's treatment." [Record No. 26] He further states in his response that "[t]he physical therapist is being asked his opinion based upon what his personal observation was as to what activities, actions, or physical problems are limiting Mr. Hampton." [Record No. 31, p. 3] His disclosure and response fail to state an opinion because they do not provide a view or judgment. Instead, they merely state general topics about which Brock is expected to testify.

Finally, the disclosures fail to summarize the factual basis of Brock's expected testimony. Hampton simply asserts that the defendants have the medical records that contain the opinions. But reference to a large body of material (such as medical records) without summarizing the main points from them does not satisfy Rule 26(a)(2)(C). *Little Hocking Water Ass'n, Inc.*, 2015 WL 1105840, at *9; *see also Chambers*, 2014 WL 3565481, at *7. As a result, the plaintiff's reference to the medical records is insufficient to provide a summary of facts. Ultimately, the plaintiff's expert disclosure regarding Brock is deficient because it fails to provide a summary of facts and opinions to which he is expected to testify.

Thus, the plaintiff failed to comply with Rule 26(a)(2)(C) because the disclosures did not provide facts supporting Arun's opinions, or opinions and facts about which Brock is expected to testify.

**C. Sanctions Pursuant to Rule 37(c)**

The Court must now determine whether it is appropriate to strike Arun and Brock's expected testimony pursuant to Rule 37(c) because Hampton's disclosures do not fully comply with the requirements of Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

A party who fails to disclose a witness as required by Rule 26(a) may not use that witness "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Further, exclusion of the evidence under Rule 37(c) "is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (quoting *Vance ex rel Hammons v. United States*, 182 F.3d 920 (6th Cir. 1999)). The commentary to Rule 37(c)(1) "strongly suggests that [a] harmless [violation] involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Vaughn v. City of Lebanon*, 18 F. App'x 252, 264 (6th Cir. 2001) (quoting *Vance*, 182 F.3d 920). Hampton has not asserted here that the failure to comply was substantially justified. Instead, he argues that it is harmless. [Record No. 31]

Assuming that the failure to provide facts and opinions was an honest mistake, Hampton has not established that the defendants had sufficient knowledge of the facts and opinions upon which Arun and Brock would testify. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (stating that the burden is on the potentially sanctioned party to prove harmlessness). Hampton contends that "the defendants are fully aware of the opinions that are going to be rendering [sic] because they are contained in the medical records in the possession of the defendant counsel" and that the "defendant[s] [were] on notice of the

proposed treatment." [Record No. 31, p. 3] But as previously explained, reference to the medical records is insufficient to satisfy Rule 26(a)(2)(C), and does not properly put the defendants on notice of the expected and specific areas of testimony. *See Little Hocking Water Ass'n, Inc.*, 2015 WL 1105840, at *9; *see also Chambers*, 2014 WL 3565481, at *7. Further, the defendants' "ability to obtain undisclosed information on [their] own [is not] a substitute for the plaintiff's obligation to disclose." *Roark v. Speedway, LLC*, No. 13-139-ART, 2015 WL 12978822, at *4 (E.D. Ky. Apr. 6, 2015). Therefore, the Court concludes that Hampton has not shown that the failure to properly disclose Arun and Brock was substantially justified or harmless.

Because Hampton failed to provide the defendants with the appropriate information as required by Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, and because his failure was not substantially justified or harmless, sanctions pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure are mandatory and appropriate. *Bessemer & Lake Erie R.R. Co.*, 596 F.3d at 370.

### III.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. The defendants' motion to exclude [Record No. 30] is **GRANTED**.

2. Dr. Aneja Arun and Dereni Blake Brock, PT, are prohibited from offering expert opinions during trial. Instead, their testimony will be limited to the scope of their own treatment and diagnosis of the plaintiff.

Dated: February 13, 2019.



Signed By:
*Danny C. Reeves*
United States District Judge