UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| WENDELL D. HAMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 18-143-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOB EVANS TRANSPORTATION | ) | **MEMORANDUM OPINION** |
| COMPANY, LLC, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Bob Evans Transportation Company, LLC, and Joe Morrison have moved to strike Plaintiff Wendell Hampton's second supplemental expert disclosures filed on March 1, 2019. [Record No. 39] The defendants assert that Hampton's recent disclosures identify an expert whose proposed opinions do not constitute rebuttal evidence and should be stricken as untimely. [*Id.*] The defendants' motion will be granted for the reasons explained below.

**I.**

This action arises from an October 18, 2017, motor vehicle accident involving Hampton and Morrison. [Record No. 1-1] Hampton filed his Complaint in Laurel Circuit Court and the defendants removed it to this Court on May 8, 2018. [Record No. 1] Hampton asserts a claim of negligence against Morrison and claims of vicarious liability, negligent training, negligent hiring, and negligent supervision against Bob Evans. [Record No. 1-1]

The Scheduling Order entered August 22, 2018, required Hampton to disclose the identity of his expert witnesses no later than December 4, 2018. [Record No. 20] He listed six witnesses in his "CR 26 Disclosures" on December 4, 2018, and moved for an extension

of time to disclose the identity and written reports of expert witnesses. [Record Nos. 25, 26] The Court granted the requested extension. Hampton timely filed supplemental disclosures on January 4, 2019. [Record Nos. 27, 28] The Court also extended the defendants' deadline and they filed a disclosure of experts one month later. [Record Nos. 27, 34] The defendants filed a motion to strike Hampton's supplemental disclosures of two experts (Dr. Aneja Arun and Dereni Black Brock, PT) on January 7, 2019, and the Court granted the motion on February 13, 2019. [Record Nos. 30, 36]

The defendants' disclosure of experts properly disclosed Scott Noll, Ph.D., and William T. Baldwin, Jr., Ph.D., and provided their respective reports. [Record No. 34] Noll's report involved an analysis and opinion regarding the cause of the accident. [*Id.*] Hampton subsequently filed his "second supplemental CR 26 disclosures" on March 1, 2019, and identified Edward R. Crum as a proposed rebuttal expert. [Record No. 37] He asserts that:

> Mr. Crum will provide testimony that lack of physical evidence would preclude speed and braking estimates. Mr. Crum will also testify that there is no evidence that Mr. Hampton was inattentive. Mr. Crum provided context in his report, but his function is to rebut the testimony regarding speed, distance, inattention of Mr. Hampton, and the testimony that Mr. Morrison acted appropriately in recognizing no threat coming towards him.

[Record No. 40] However, Crum's report indicates "without some other type of physical evidence, any type of pre-collision speed estimate would be considered a guess," but Crum does not provide a guess regarding the pre-collision speed and does not indicate that a lack of physical evidence would generally preclude speed and braking estimates. [Record No. 37-1] Additionally, Crum indicates that he "would agree with Mr. Noll that the minimum impact speed of the Hampton Vehicle would be a minimum of 35 to 40 miles per hour." [*Id.*] Further,

three of Crum's conclusions involve reiteration of statements by witnesses to the accident and do not provide an opinion. [*Id.*]

## II.

The defendants state that Hamptons' disclosure of Crum should be stricken because it is "germane to Plaintiff's case-in-chief" and is not "real" rebuttal evidence. [Record No. 39-1, p. 6] Alternatively, they contend that if Crum's opinions are not essential to the plaintiff's case-in-chief, the report simply addresses the same subject matter as Noll, but does not contradict or rebut Noll's report, so it is not real rebuttal evidence. [Record No. 39-1, p. 7] Finally, the defendants contend that Hampton has failed to comply with Rule 26 of the Federal Rules of Civil Procedure and the sanction of striking the expert disclosure is appropriate because he has not shown that the failure to properly disclose Crum was harmless or substantially justified. [Record No. 39-1, pp. 7-8]

### A. Real Rebuttal Evidence

Expert disclosures must comply with Rule 26 of the Federal Rules of Civil Procedure and any deadlines set by the Court. Fed. R. Civ. P. 26(a)(2). Parties may disclose rebuttal testimony after the deadline for initial disclosure has passed, but such disclosures are limited in scope. Fed. R. Civ. P. 26(a)(2)(D)(ii). Rebuttal opinions must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party['s]" expert disclosure. *Id.*; *see also Bentley v. Highlands Hosp. Corp.*, No. 15-97-ART-EBA, 2016 WL 5867496, at *5 (E.D. Ky. Oct. 6, 2016). "The rebuttal expert may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Bentley*, 2016 WL 5867496 at *5. (internal quotations and citations omitted).

The Sixth Circuit uses the term "real rebuttal evidence" which has been defined as:

> evidence or expert opinion offered by a Plaintiff in response to a defense theory or proof that ordinarily would not be offered by the Plaintiff in its case-in-chief to establish an element of one or more of its causes of action. Put differently, if the evidence or opinion offered in rebuttal is evidence or an opinion that the Plaintiff ordinarily would be expected to offer in support of one or more of the elements of its cause of action, then such evidence or opinion is not 'real' rebuttal evidence and may be properly excluded on such ground by the district court.

*Taylor v. Brandon*, No. 3:14-CV-0588-DJH, 2018 WL 3581142, at * 2 (W.D. Ky. Jan. 30, 2018).

The defendants argue that Crum's report was germane to Hampton's case-in-chief and therefore should be excluded. However, "where … the evidence is real rebuttal evidence, the fact that it might have been offered in chief does not preclude its admission in rebuttal." *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 345 (6th Cir. 2002) (citing *Martin v. Weaver*, 666 F. 2d 1013, 1020 (6th Cir. 1981)). Hampton responded to the defendants' argument by contending that "[m]ultiple witnesses saw [Morrison] cross the plaintiff's lane of travel and cause this collision. The officer on the scene noted inattention and failure to yield the right of way as the causative factors for the collision. The witnesses at the scene agreed in their statements to the officer on the scene and no allegations of excessive speed were present. The plaintiff had no use for a reconstructionist." [Record No. 40, p. 1] "Furthermore, with respect to real rebuttal evidence, the plaintiff has no duty to anticipate or to negate a defense theory in plaintiff's case-in-chief." *Toth*, 306 F.3d at 345. Accordingly, because the defendants seek to introduce expert testimony that excessive speed was involved in the collision and that the plaintiff was inattentive, the plaintiff asserts that he should be permitted to rebut these assertions.

However, Hampton's Complaint alleges negligence and vicarious causes of action against the defendants. Accordingly, to succeed on his claims, Hampton would need to

produce evidence to establish all elements of his negligence claim, including that the defendants had a duty of care, a breach that duty, and injury occurred as a consequence. *Blust v. Berea College*, 431 F. Supp. 2d 703, 704 (E.D. Ky. 2006). Thus, the plaintiff would ordinarily be expected to offer evidence or opinions supporting these elements in his case-in-chief. *Id.* Therefore, Hampton's rebuttal expert may present opinions rebutting a defense presented by the defendants, but he may not present opinions that would ordinarily be expected to be offered in his case-in-chief.

While Crum's report addresses the same subject matter as Noll's report (and expected testimony), it does not rebut or contradict Noll's conclusions. Noll's conclusions are that:

1. The collision occurred with Mr. Hampton traveling in the left of two eastbound lanes at the entrance to the Walmart Distribution Center.
2. There was no documented physical evidence of evasive braking or steering maneuver, in the form of roadway tire marks, on the part of Mr. Hampton.
3. The sight distance approaching the area of the accident from the west extended over 0.5 miles, thus, the commercial vehicle was visible to the approaching vehicle throughout the entire turning maneuver.
4. The front of Mr. Hampton's Suzuki collided with the rear of Bob Evans trailer, located 60 feet from the bumper of the tractor.
5. Given the slow-moving nature of loaded commercial vehicles during turning maneuvers, the turning sequence up to the point of impact took approximately 10 seconds, with the unit traveling more than 80 feet through a ninety-degree left turn.
6. One additional second was required for the Bob Evans trailer to clear the left-hand through lane, i.e. the lane occupied by Mr. Hampton.
7. Given the analysis of the range of possible scenarios of approaching speed and initial separation of the Hampton vehicle from the point of impact, the accident was caused by:
    o Inattentiveness on the part of Mr. Hampton for not reducing his speed prior to the collision; or
    o A combination of a high rate of speed and inattentiveness on the part of Mr. Hampton; or
    o Mr. Hampton traveling at too high a speed.

[Record No. 34-1, p. 5]

Crum's conclusions are that:

1. Mr. Hampton was traveling east in the left (Fast) lane of Kentucky State Route 80.
2. Mr. Morrison was making a left turn, across the eastbound travel lanes, into the Wal-Mart Distribution Center.
3. Mr. Morrison's trailer was across the eastbound travel lanes at impact.
4. Mr. Morrison failed to yield the right of way to Mr. Hampton.
5. Mr. Hampton failed to bring his vehicle to a stop prior to impact.
6. Speeds between 55 and 75 miles per hour have been related to Mr. Hampton's pre-impact speed. I do not have enough physical evidence to estimate the pre-impact travel speed of the Hampton Vehicle.
7. Both eye witnesses confirm that Mr. Morrison pulled across the eastbound lanes of Kentucky State Route 80 into the path of Mr. Hampton.
8. Christopher Collier stated that, he had been traveling along with Mr. Hampton for several miles. He estimated Mr. Hampton's speed between 55 and 60 miles per hour.
9. Kyle Roberts stated that, after the collision, he overheard Mr. Morrison state, "Man, I thought I could beat him."
10. Mr. Morrison failed to follow the Ohio Commercial Drivers License Manual and the Federal Motor Carrier Accident Counter Measures Manual.

[Record No. 37-1, pp. 17-18]

The subject matter addressed by both Crum and Noll is similar, but Crum either agrees with Noll's opinions, presents conclusions that are expected to be offered in the plaintiff's case-in-chief, does not rebut or contradict Noll's opinions, or simply reiterates statements by witnesses at the scene of the accident without drawing conclusions or opinions from those statements.

First, Crum agrees with Noll about certain logistics of the accident (i.e., Hampton was traveling east in the left lane of Route 80, there is no documented skid marks or other physical evidence related to the Hampton vehicle, the minimum impact speed of the Hampton vehicle would be a minimum of 35 to 40 miles per hour, the left front wheel of the Hampton vehicle struck the first trailer axle of the Bob Evans vehicle, Hampton failed to bring his vehicle to a stop prior to impact). [Record Nos. 34-1, 37-1] Because Crum is agreeing with Noll on these issues, Crum's conclusions do not rebut or contradict Noll's conclusions and, therefore, do not

constitute rebuttal testimony. *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 701 (6th Cir. 2001) ("the testimony plaintiffs contended [their witness] would present in rebuttal was not inconsistent with the testimony plaintiffs wanted to rebut…").

Additionally, Crum's report does not rebut Noll's opinion regarding the cause of the accident. Noll opines that the accident was caused by Hampton traveling at an excessive speed, not paying attention, or a combination of both circumstances. Crum does not address the accuracy or reliability of the procedures used by Noll to estimate the pre-impact speed. Instead, he does nothing to rebut Noll's estimates and instead opines that he does not have enough physical evidence to estimate the pre-impact travel speed of the Hampton Vehicle and that any estimation would be a guess. While the plaintiff contends that "Crum will provide testimony that the lack of physical evidence would preclude speed and braking estimates," that opinion is not evident in Crum's report. His report clarifies that *he* cannot estimate the pre-impact speed of the Hampton Vehicle, not that an estimation of the pre-impact speed of the Hampton Vehicle is not possible or that Noll's estimation was inaccurate. Additionally, Crum does not indicate that the methods used by Noll to calculate the pre-impact speed are unreliable. Because Crum does not rebut the procedures used by Noll and instead simply states that he cannot calculate the pre-impact speed, Crum's opinion does not constitute rebuttal testimony regarding the pre-impact speed of the Hampton Vehicle.

Finally, Crum's remaining conclusions that may contradict Noll's opinions regarding the cause of the accident simply restate witness statements and present opinions that would ordinarily be presented during the plaintiff's case-in-chief. Crum's reiteration of statements by witnesses and contained in the police report does not result in expert testimony because Crum has not drawn an expert opinion based upon those statements. Additionally, Crum's

conclusions present opinions ordinarily would be offered during the plaintiff's case-in-chief because Hampton's Complaint states that Morrison "failed to yield the right of way, failed to keep a proper lookout and generally violated his duty of ordinary care to prevent harm to others on the highway." [Record No. 1-1, p. 6] Ordinarily, the Court would expect that Hampton would introduce opinions regarding Morrison's alleged failure to yield and failure to keep a proper lookout during his case-in-chief. Accordingly, Crum's conclusions that Morrison failed to yield the right of way and failed to follow the Ohio Commercial Drivers' License Manual and the Federal Motor Carrier Accident Counter Measures Manual ordinarily would be expected to be presented during the plaintiff's case-in-chief. Thus, Crum's conclusions regarding failure to yield and failure to keep a proper lookout do not constitute real rebuttal evidence.

### B. Sanctions Pursuant to Rule 37(c)

Based on the foregoing analysis and conclusion, the Court must determine whether to strike Crum's expected testimony pursuant to Rule 37(c) of the Federal Rules of Civil Procedure. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Exclusion under Rule 37(c) "is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake is harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) (quoting *Vance ex rel Hammons v. United States*, 182 F.3d 920 (6th Cir. 1999)). The potentially sanctioned party bears the burden of demonstrating that the failure to comply with Rule 26 of

the Federal Rules of Civil Procedure was harmless. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

Hampton filed a two-page response to the defendants' motion to strike. He did not address in that response the question of whether his failure to comply was substantially justified or harmless. As a result, the Court concludes that Hampton has not satisfied his burden and it is appropriate to strike the Crum's disclosure and proposed testimony.

### III.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. The defendants' motion to strike [Record No. 39] is **GRANTED**.

2. The plaintiff's second supplemental CR 26 disclosure [Record No. 37] is **STRICKEN**. Edward Crum shall be prohibited from offering expert opinions during trial.

Dated: April 8, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge